Mr. Justice Huger
delivered the opinion of the Court.
At the instant of a testator’s death, the interest in all the personal property he owned vests in his executor. He has an absolute dominion over it, which cannot be destroyed but by operation of law or by some act of his own. (Toller, 169, 239.) He is bound to pay the debts; and this is a paramount' duty to satisfying the legacies. The plaintiff in this case is only a legatee, and ought to have been postponed to the creditors. Nor could she as legatee, (even had there been no debts,) possess herself of the property, without the assent of the executor. If she had, he might have maintained an action' of trespass against her for sc doing. (See Toller, 240, and Bac. Title Ex’r and Adm’r L. 3, 84, and Dyer, 254.) It is contended, however, in this case, that the executor had assented to the possession- *134 of the legatee, and that his dominion had consequently ceased, and could not be resumed. An executor like every other holder of property, may sell or relinquish possession of it. But his having so done, must, as in every other case, be proved; and the proof must be governed by the □ame rules, as in other cases. It is laid down in Toiler's Law of Ex'r. that a very slight assent on the part of an executor will vest a legacy; and so will very slight evidence, satisfy the mind in every case of that having been done which ought to have been done. In this case the debts had not been paid, and as plaintiff was sole legatee, if her continuance 'on the plantation, where all the assets remained, were a delivery of the property in question, it was a delivery of all the testator had, which would have been wrong, as it was the duty of the executor to retain sufficient to satisfy the debts. The executor had no right to turn the widow out of doors; her remaining then on the plantation, where the cattle, horses, &c. of the testator ought to be kept, and of the use of which she ought not to have been deprived, cannot be regarded as an uncondition-i al assent to her taking the legacy.
The mare and colt being as much under his control ass his own property, the plaintiff can no more sustain this action than she could have sustained one for any part of defendant’s own property.
The decision, of the Circuit Court must therefore be set aside, and a non-suit ordered.
Justices Johnson and Richardson, concurred.